Filed 3/4/15  Husband v. Household Finance etc. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| NOAH HUSBAND et al., | |
| Plaintiffs and Appellants, | C073182 |
| v. | (Super. Ct. No. 39201200282057CUORSTK) |
| HOUSEHOLD FINANCE CORPORATION OF CALIFORNIA et al., | |
| Defendants and Respondents. | |

Noah and Helen Husband (Borrowers) sued the holder and servicer of their residential mortgage -- Household Finance Corporation of California (HFC) and HSBC Bank USA, N.A. (HSBC) (collectively Lenders) -- asserting a cause of action for promissory estoppel.  The trial court sustained Lenders' demurrer without leave to amend.

Borrowers now contend they sufficiently pleaded the elements of promissory estoppel.  We disagree.  We will affirm the judgment of dismissal.

1

BACKGROUND

The following facts are alleged in the first amended complaint. Borrowers obtained a home mortgage from HFC in 2006. At all relevant times the loan was serviced by HSBC. Borrowers hired Andrew T. Cook and Company (Cook), a company that helps homeowners obtain loan modifications, in August 2009. In April 2010, despite Cook's efforts, HSBC recorded a notice of default on the mortgage. In May 2010, however, HSBC rescinded the notice of default and verbally informed Joel Atwater, an employee for Cook, that Borrowers "were to receive a permanent modification" with payments of $1,756 per month and that permanent modification documents would be drawn after Borrowers made timely payments during a six-month trial period.

After making six timely payments of $1,756, Borrowers inquired about documentation of the promised permanent loan modification. HSBC replied that it allowed only six-month temporary loan modifications, never permanent modifications, and the loan payment would be reverting back to its higher original amount. HFC knew about and encouraged HSBC's actions. In reliance on the promise of permanent modification, Borrowers paid for and sent cashier's checks, gave Lenders personal financial information to which they were not otherwise entitled, and refrained from taking other steps to save their home, including spreading their arrearages over a five-year period by filing for Chapter 13 bankruptcy. As additional damages, Borrowers alleged the cost of sending financial documents multiple times, an unspecified increase in the loan balance and arrearages, and the cost of hiring an attorney.

Borrowers do not allege that there was any foreclosure sale; they allege the subject property "is" their personal residence.

Lenders filed a demurrer, asserting that Borrowers had not sufficiently pleaded detrimental reliance resulting in a corresponding benefit to Lenders. The trial court sustained the demurrer without leave to amend.

2

STANDARD OF REVIEW

On review of a judgment of dismissal following demurrer, we view the complaint and its claims as a whole and assume the truth of properly pleaded facts in order to determine whether the complaint states a cause of action.  (*State ex rel. Metz v. CCC Information Services, Inc.* (2007) 149 Cal.App.4th 402, 412.)  We do not treat as true the complaint's contentions, deductions or conclusions of fact or law.  (*Ibid*.)  "A demurrer tests the pleadings alone and not the evidence or other extrinsic matters.  Therefore, it lies only where the defects appear on the face of the pleading or are judicially noticed."  (*SKF Farms v. Superior Court* (1984) 153 Cal.App.3d 902, 905; Code Civ. Proc., § 430.30.)

DISCUSSION

"In California, under the doctrine of promissory estoppel, 'A promise which the promisor should reasonably expect to induce action or forebearance on the part of the promisee or a third person and which does induce such action or forebearance is binding if injustice can be avoided only by enforcement of the promise.' "  (*Kajima/Ray Wilson v. Los Angeles County Metropolitan Transportation Authority* (2000) 23 Cal.4th 305, 310 (*Kajima/Ray Wilson*).)

Borrowers contend the first amended complaint adequately alleged a promissory estoppel cause of action.  We disagree.

Borrowers do not allege that HSBC made a promise to them; rather, they allege HSBC made a promise to Joel Atwater, a Cook employee.  They do not identify the person at HSBC who allegedly made the promise to Atwater.  And they do not allege that the promise was ever memorialized in writing either by Lenders, Cook, Atwater or Borrowers.  Nonetheless, Borrowers allege that a specific promise was made by HSBC to Atwater; that Atwater was acting as the representative for Borrowers when he received the promise; and that Atwater communicated the promise to Borrowers exactly as he received it.

3

However, even if Borrowers adequately pleaded a promise, they do not allege that the promise was made with the reasonable expectation that it would induce action or forbearance. (See *Kajima/Ray Wilson, supra,* 23 Cal.4th at p. 310.) Moreover, Borrowers pleaded that they incurred various costs and lost opportunities, including foregoing Chapter 13 bankruptcy, in detrimental reliance on the HSBC promise of a permanent loan modification. Detrimental reliance was established in a case where a borrower had already filed a Chapter 7 bankruptcy proceeding and interrupted a Chapter 13 conversion that would have permitted her to keep the home because the lender intervened to promise a voluntary loan modification. (*Aceves v. U.S. Bank N.A.* (2011) 192 Cal.App.4th 218, 225.) But here, Borrowers allege only that they refrained from seeking bankruptcy protection during the six months following Cook's conversation with HSBC about a possible modification; they do not allege that Lenders dissuaded them from a Chapter 13 alternative or even that the option to pursue bankruptcy was foreclosed.

Even if the allegations were sufficient to plead detrimental reliance, Borrowers' contention ultimately lacks merit because they do not allege that they lost their home and they do not allege the unavailability of other options to save their home. Instead, Borrowers allege the subject property "is" their personal residence. The allegations in the first amended complaint indicate that Borrowers have been living in the residence for many years without paying the amount due. Under the circumstances, Borrowers have not alleged, and cannot allege, an injustice that can be avoided only by enforcement of a promise to modify the loan. (*Kajima/Ray Wilson, supra,* 23 Cal.4th at p. 310.)

This case is distinguishable from cases like *Bushell v. JPMorgan Chase Bank, N.A.* (2013) 220 Cal.App.4th 915, in which a borrower who complied with a temporary payment plan under the federal Home Affordable Modification Program (HAMP) and was later denied a permanent loan modification stated a cause of action for promissory estoppel. A modification based on HAMP is governed by directives of the United States

Department of the Treasury which mandate that lenders offer a permanent modification to borrowers who comply with the terms of a written trial plan. (*West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 796-798.) Borrowers do not assert participation in HAMP.

DISPOSITION

The judgment of dismissal is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


                                                                 _____MAURO_____, J.



We concur:


_____BLEASE_____, Acting P. J.


_____HULL_____, J.